## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

3:08 CV 38 - MHT

| United States District Court MIDDLE | District OF ALABAMA | |
|---|---|---|
| Name (under which you were convicted): <br> MALIK ELAWAD | | Docket or Case No.: <br> 3:05-CR-121-MHT |
| Place of Confinement: <br> FCI TALLADEGA | | Prisoner No.: <br> 56894-019 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| v. | MALIK ELAWAD | |

### MOTION

1. **(a) Name and location of court that entered the judgment of conviction you are challenging:**
   United States District Court, Middle District of Alabama, Eastern
   Division.

   **(b) Criminal docket or case number (if you know):** 3:05-CR-121-MHT

2. **(a) Date of the judgment of conviction (if you know):** January 19, 2007

   **(b) Date of sentencing:** January 19, 2007.

3. **Length of sentence:** 161 months. 3 years supervised release.

4. **Nature of crime (all counts):** Count I: 18 USC §2113(a)and (d) Bank robbery
   by force. Count II: 18 USC §924(c)(1)(A)(iii) and 2. Discharge of a
   firearm during the commission of a crime of violance.

5. **(a) What was your plea? (Check one)**

   (1) Not guilty ☐          (2) Guilty ☒          (3) Nolo contendere (no contest) ☐

   **(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?** I pled
   guilty to both counts of the indictment.

6. **If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐**

   N/A.

SCANNED
PML 1.16.08

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ❑

8.  Did you appeal from the judgment of conviction?     Yes ❑     No ❑X

9.  If you did appeal, answer the following:

(a) Name of court: ___N/A._____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❑     No ❑X

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑     No ❑X

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ❑   No ❑

(2) Second petition:     Yes ❑   No ❑

(d) **If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:** Because my appointed counsel failed to file a direct appeal.

12. **For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.**

**GROUND ONE:** COUNSEL WAS INEFFECTIVE FOR FAILURE TO FILE A REQUESTED DIRECT APPEAL.

(a) **Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**
After I was sentenced, I asked to my public defender, Ms. Christine Freeman, to file a direct appeal, because I felt dissatisfied with the sentence I received, and because she had not raised other mitigating grounds for downward departure of my sentence, such as, aberrant behavior, coercion & duress, psychological factors, and other matters under §5K2.0. Moreover, I told her that I felt uncomfortable about the in-chambers meeting they had held outside my presence, and that I felt it was my right to be also present at that meeting. My counsel stated that I couldn't appeal anything because I had no grounds to appeal, because I had pleaded guilty and I had waived my right to appeal the sentence, and she won't do anything else to appeal my case.

(b) **Direct Appeal of Ground One:**
(1) **If you appealed from the judgment of conviction, did you raise this issue?**
Yes ❑   No ☒X
(2) **If you did not raise this issue in your direct appeal, explain why:** My counsel failed to file my request to file a direct appeal.

(c) **Post-Conviction Proceedings:**
(1) **Did you raise this issue in any post-conviction motion, petition, or application?**
Yes ❑   No ☒X
(2) **If your answer to Question (c)(1) is "Yes," state:**
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

**(3) Did you receive a hearing on your motion, petition, or application?**

    Yes ❏   No ❏

**(4) Did you appeal from the denial of your motion, petition, or application?**

    Yes ❏   No ❏

**(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**

    Yes ❏   No ❏

**(6) If your answer to Question (c)(4) is "Yes," state:**

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:** _____

_____

_____

_____

_____

_____

**GROUND TWO:** District Court's violation of rule prohibiting judicial involvement in sentencing negotiations affected movant's substantial rights.

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**
My rights were breached when my counsel, the district court judge, and the prosecutor went inside chambers to discuss about my case outside my presence during my sentencing hearing proceedings. I was entitled to be present at that meeting because it was a critical stage of my criminal proceedings. Hence, it cannot be said that the plea was entered knowingly, intelligently and voluntarily, because I have no knowledge of what was discussed behind closed doors. Regardless of the district court's objectivity, it is the movant's perception of the district court that claims that his due process

were violated when he was excluded from participating in the in-chambers conference in which it was discussed his fate, without regards to his rights.

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒X

    (2) If you did not raise this issue in your direct appeal, explain why: __My     trial     counsel declined and failed to file my requests to file a direct appeal._____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☒X

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** COUNSEL WAS INEFFECTIVE FOR FAILURE TO PRESENT AND PROPERLY ARGUE FOR MITIGATING CIRCUMSTANCES FOR A DOWNWARD DEPARTURE

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**

~~Trial counsel was provided with sufficient information to argue before~~ the sentencing court for a downward departure due to mitigating circumstances that would have allowed the court to consider for a reduction of movant's sentence, such as, but not limited to, Coercion and duress that forced movant to commit a crime when his codefendant exerted and taxed physical and psychological threats upon movant if movant did not comply with his orders. Counsel also failed to argue for a reduction based on movant's personal psychological problems that impaired his judgment as to take his own decisions and could be easily manipulated by his rogue codefendant—an ex-military personnel. And for aberrant behavior based on these overall circumstances.

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒X

(2) If you did not raise this issue in your direct appeal, explain why: Counsel failed and refused to file a requested direct appeal.

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒X

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____

**GROUND FOUR:** COUNSEL WAS INEFFECTIVE FOR FAILURE TO ATTACK A DEFECTIVE INDICTMENT UPON WHICH MOVANT ENTERED THE PLEA AGREEMENT.

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**
Movant was sentenced as he was charged with aiding and abetting, however, his indictment fails to cite an independent statute under title 18 U.S.C. §2 for aiding and abetting in count two. Consequently, his plea was not entered knowingly, intelligently, and intentionally, and since the indictment fails to cite a crime for which he can be convicted of, his conviction and sentence were obtained in violations of his constitutional rights, and therefore, it cannot stand based on this jurisdictional defect.

**(b) Direct Appeal of Ground Four:**

> **(1) If you appealed from the judgment of conviction, did you raise this issue?**
>
> Yes ☐ No ☒XX
>
> **(2) If you did not raise this issue in your direct appeal, explain why:** Trial counsel failed to file a direct appeal after movant had conveyed her to do so.

**(c) Post-Conviction Proceedings:**

> **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
>
> Yes ☐ No ☒X
>
> **(2) If your answer to Question (c)(1) is "Yes," state:**
>
> Type of motion or petition: _____
>
> Name and location of the court where the motion or petition was filed: _____
>
> Docket or case number (if you know): _____
>
> Date of the court's decision: _____
>
> Result (attach a copy of the court's opinion or order, if available): _____
>
> **(3) Did you receive a hearing on your motion, petition, or application?**
>
> Yes ☐   No ☐
>
> **(4) Did you appeal from the denial of your motion, petition, or application?**
>
> Yes ☐   No ☐
>
> **(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
>
> Yes ☐   No ☐
>
> **(6) If your answer to Question (c)(4) is "Yes," state:**
>
> Name and location of the court where the appeal was filed: _____
>
> Docket or case number (if you know): _____
>
> Date of the court's decision: _____
>
> Result (attach a copy of the court's opinion or order, if available): _____

GROUND FIVE: THE PLEA AGREEMENT WAS NOT ENTERED KNOWINGLY AND VOLUNTARILY BECAUSE THE DISTRICT COURT FAILED TO INFORM MOVANT THE CORRECT MANDATORY MINIMUM SENTENCE APPLICABLE TO COUNT TWO OF THE PLEA AGREEMENT.

The sentencing court failed to inform movant of the correct mandatory minimum sentence applicable to count two of the indictment and of the plea agreement, therefore, vacatur of his guilty plea is required, and counsel was ineffective to bring this error to the court's attention and also for failure to raise this violation on direct appeal.

GROUND SIX: COUNSEL WAS INEFFECTIVE FOR FAILURE TO CHALLENGE TO THE SENTENCE ENHANCEMENT OF FOUR (4) LEVELS FOR SERIOUS BODILY INJURY UNDER §2B3.1(b)(3) (B).

Movant's sentence was increased by four (4) levels pursuant to §2B3.1(b)(3) (B)(Serious bodily injury), based on the fact that a law enforcement officer sustained serious bodily injury. Movant contends that the indictment fails to charge movant with that alleged crime, and the sentence therefore was imposed in violation of Booker. Moreover, the alleged shooting occurred several hours in a different state (Columbus, Georgia), and only after the robbery had taken place in Phenix City, AL. Also, when the shooting took place, movant had no knowledge that the other person was a law enforcement officer because he did not identify himself as a police officer.

Movant had asked her counsel to challenge this enhancement, however, she failed to do so, and it is an issue that could have been raised on direct appeal had counsel failed the requested appeal.

GROUND SEVEN: MOVANT'S SENTENCE WAS IMPOSED IN VIOLATION OF HIS DUE PROCESS AND IN VIOLATION OF RULES 11 AND 32 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Movant contends that his plea was not entered knowingly and voluntarily because the sentence was imposed in violations of his due process rights to be sentenced based upon accurate information, and also in violations of Rule 11 and 32 of the Federal Rules of Criminal Procedure.

GROUND EIGHT: COUNSEL WAS INEFFECTIVE FOR FAILURE TO CHALLENGE THE GOVERNMENT'S CHARGES AGAINST DEFENDANT, WHEN THERE IS NO EVIDENCE THAT THE BANK WAS FEDERALLY INSURED AS TO MAKE THE OFFENSE A FEDERAL FELONY.

Movant claims that his counsel was constitutionally ineffective for failing to challenge the charges against defendant, when the government failed to present any evidence showing that the bank was "federally insured at the time that the robbery took place." Ergo, since there is no evidence that the

bank was federally insured, the district court had no jurisdiction over this case, and a jurisdictional defect can never be waived or procedurally defaulted via a plea agreement, and movant need not show cause & prejudice to justify failure to raise this claim before. To support a conviction for armed robbery, and to make it a federal crime, the government had to prove that the money taken from the bank was insured by FDIC. Albeit it is said in the charges against movant that the bank was insured by FDCI, no prove exists to support such an allegation. Consequently, movant's plea was not entered knowingly, intelligently, or voluntarily.

**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:** Because my trial counsel failed to file a requested direct appeal.

13. **Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:** None of the above grounds have been raised before either on direct appeal, or on collateral attack.

14. **Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐   No ☒X**
    **If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.**

15. **Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:**
    **(a) At preliminary hearing:** Federal Public Defenders: Ms. Christine Freemen and Patricia Kemp.
    **(b) At arraignment and plea:** Same
    **(c) At trial:** N/A.
    **(d) At sentencing:** Same.

(e) On appeal: __N/A._____

_____

(f) In any post-conviction proceeding: __I am proceeding pro se in this motion.____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
                N/A.

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☐

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _I have pending charges in the State of Georgia, which have not yet been resolved and still pending for further proceedings._____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐  No ☐

18. **TIMELINESS OF MOTION: If your Judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.** * This motion is timely filed pursuant to 28 USC §2255(1)(the date on which the judgement of conviction became final.). Final judgment in this case was issued and signed by the District Court Judge on January 23, 2007. The ten (10) day expiration date for filing a notice of appeal was February 2, 2007. The date on which the judgment of conviction became final therefore is February 2, 2008.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: That the sentence be vacated
and the case remanded for resentencing, or alternatively, for an evidentiary
hearing.

or any other relief to which movant may be entitled.

_____
**Signature of Attorney (if any)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _Jan. 14th_
_2008_ (month, date, year).

Executed (signed) on ___Malik___ *Jan. 14th 2008* (date).

_____
**Signature of Movant**

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____

_____

_____

### IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
• • • • •

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,                      )
                                               )    2008 JAN 16  P 3: 00
            Plaintiff/Respondent,              )
                                               )    DEBRA P. HACKETT, CLK
                                               )    U.S. DISTRICT COURT
vs.                                            )    MIDDLE DISTRICT ALA
                                               )    CASE NO: 3:05-cr-121-MHT
                                               )
MALIK ELAWAD,                                  )
                                               )    3:08cv 38-MHT
            Defendant/Movant.                  )

## AFFIDAVIT OF MALIK ELAWAD

COMES NOW the Defendant/Movant, MALIK ELAWAD, and hereby deposes and states as follows:

1.      My name is MALIK ELAWAD, I am the Defendant in the above entitled cause.

2.      I am over eight (18) years of age, and I can testify to the contents of this affidavit.

3.      The information provided herein by me is true and correct.

4.      I am making this Affidavit out of my own free will; and no one has promised me anything or threatened me in any way in the making of this Affidavit.

5.      On or about January 19, 2007, I asked my attorney, Ms. Christine A. Freeman, from the Federal Defenders, Middle District of Alabama, to file my direct appeal, after I was sentenced. The reason for my request to her to file a direct appeal was because I felt dissatisfied with the sentence I received, and because my attorney failed to raise some crucial mitigating grounds for a downward departure of my sentence (e.g. aberrant behavior, coercion and duress, psychological factors, and other matter under §5K2.0

-1-

of the U.S. Sentencing Guidelines).

6.    I also conveyed to her my desire to appeal on the ground that I felt very uncomfortable about the in-chambers conference they had held outside my presence, and that I felt that it was my right to be present during the discussion held in that meeting where the final fate of my case had been taking place, because I should have been entitled to present my own testimony, and argument in regards to whatever they deliberated pertaining to my case.

7.    My lawyer, Ms. Freeman, told me that she will not file my direct appeal because I could not appeal anything, and that I had no valid grounds to present on my appeal in that I had pleaded guilty, and that I had waived my right to appeal the sentence, and that she won't do anything else to appeal my case.

FURTHER AFFIANT SAYETH NAUGHT.

SIGNED AND EXECUTED this 9th day of January, 2008, pursuant to the provisions set forth in Title 28 U.S.C. §1746. See Williams v. Browman, 981 F2d 901, 904 (CA6 1992).

Malik Elawad
#56894-019 (Beta A)
FCI Talladega
PMB 1000
Talladega, AL 35160

27BC, CLOSED, MHT-ClerkC

# U.S. District Court
## Alabama Middle District (Opelika)
### CRIMINAL DOCKET FOR CASE #: 3:05-cr-00121-MHT-CSC-1
#### Internal Use Only

*3:08CV38-MHT*

---

Case title: USA v. Elawad

Magistrate judge case number: 3:05-mj-00066-CSC

Date Filed: 05/25/2005

Date Terminated: 01/23/2007

---

Assigned to: Honorable Myron H. Thompson

Referred to: Honorable Charles S. Coody

**Defendant**

**Malik Elawad** (1)
*TERMINATED: 01/23/2007*

represented by **Christine A. Freeman**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: christine_freeman@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Patricia Vanessa Kemp**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
334.834.2099
Fax: 334.834.0353
Email: patricia_kemp@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

**Disposition**

| | |
|---|---|
| 18:2113(a)and (d) BANK ROBBERY BY FORCE OR VIOLENCE - NMT $250,000;[*]; NMT 25Y; B; NMT 5Y SUP REL; G/L; VWPA; $100 AF (1) | 41 Mos Imp; 3 Yrs Sup Rel; $100 SA; $1,796.66 Rest. (total) |
| 18:924(c)(1)(A)(iii) and 2 - POSSESSION OF FIREARM & AIDING and ABETTING - 10Y CONSEC. TO CRIME OF VIOLENCE; NLT 5Y SUP REL; G/L; VWPA; $100 AF (2) | 120 Mos Imp (cons to Ct 1); 3 Yrs Sup Rel; $100 SA; $1,796.66 Rest. (total) |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

18:2113(a) & 18:924(c)(1)(A) - BANK
ROBBERY & USE OF FIREARM IN
COMMISSION OF A FELONY

---

**Plaintiff**

**USA**                           represented by   **Todd A. Brown**
                                                   U.S. Attorney's Office
                                                   PO Box 197
                                                   Montgomery, AL 36101-0197
                                                   334-223-7280
                                                   Fax: 223-7560
                                                   Email: todd.brown@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Kent B. Brunson**
                                                   U.S. Attorney's Office
                                                   PO Box 197
                                                   Montgomery, AL 36101-0197

334-223-7280
Fax: 223-7560
Email: Kent.Brunson@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2005 | 3 | Arrest Warrant Issued by Susan Russ Walker in case as to Malik Elawad. (ws ) [3:05-mj-00066-CSC] (Entered: 05/05/2005) |
| 05/06/2005 | 5 | (Court only) Arrest Warrant Returned Executed in case as to Malik Elawad. Defendant arrested on 5/5/05. (ws, ) [3:05-mj-00066-CSC] (Entered: 05/09/2005) |
| 05/23/2005 | 6 | NOTICE OF ATTORNEY APPEARANCE: Christine A. Freeman appearing for Malik Elawad (Freeman, Christine) [3:05-mj-00066-CSC] (Entered: 05/23/2005) |
| 05/23/2005 | 7 | Rule 5(c)(3) Documents Received from Northern District of Georiga as to Malik Elawad (ws ) [3:05-mj-00066-CSC] (Entered: 05/23/2005) |
| 05/23/2005 | | Arrest of Malik Elawad in Northern District of GA. (ws, ) [3:05-mj-00066-CSC] (Entered: 05/23/2005) |
| 05/25/2005 | 8 | INDICTMENT as to Malik Elawad (1) count(s) 1, 2. (ws ) (Entered: 05/26/2005) |
| 05/25/2005 | 9 | (Court only) Limits of Punishment as to Malik Elawad: (ws, ) (Entered: 05/26/2005) |
| 05/26/2005 | 10 | ORDER to Produce Prisoner for Arraignment as to Malik Elawad : Arraignment set for 6/8/2005 10:00 AM in Courtroom 4A before Honorable Delores R. Boyd. Signed by Judge Delores R. Boyd on 5/26/05. (ws, ) (Entered: 05/26/2005) |
| 06/07/2005 | 11 | (Court only) Arrest Warrant Returned Executed in case as to Malik Elawad. Defendant arrested on 5/5/05 (ws, ) (Entered: 06/08/2005) |
| 06/08/2005 | 13 | WAIVER of Speedy Trial by Malik Elawad (sql, ) (Entered: 06/10/2005) |
| 06/08/2005 | 14 | Minute Entry for proceedings held before Judge Delores R. Boyd :Arraignment as to Malik Elawad (1) Count 1,2 held on 6/8/2005, Initial Appearance as to Malik Elawad held on 6/8/2005, Plea entered by Malik Elawad (1) Count 1,2. by Malik Elawad Not Guilty on counts 1,2. (Recording Time FTR: 1:13 - 1:26 pm.) (sql, ) (Entered: 06/10/2005) |
| 06/09/2005 | 12 | ORDER ON ARRAIGNMENT as to Malik Elawad (incorporating ORDER TO CONTINUE - Ends of Justice as to Malik Elawad Time excluded from 6/9/05 until 2/13/06). Pretrial Conference set for 9/19/2005 11:00 AM in Courtroom 4A before Honorable Delores R. Boyd. Jury Trial set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Any requested voir dire questions and jury instructions must be filed no later than one |

| | | |
|---|---|---|
| | | week before jury selection. Pretrial Motions due by 9/13/2005. Discovery by the Government due by 6/15/2005. Disclosures by the defendant shall be provided on or before 6/15/05. Signed by Judge Delores R. Boyd on 6/9/05. (ws) (Entered: 06/09/2005) |
| 06/17/2005 | | NOTICE of return as to Malik Elawad (kcg, ) (Entered: 06/21/2005) |
| 09/19/2005 | 15 | Minute Entry for proceedings held before Judge Delores R. Boyd :Pretrial Conference as to Malik Elawad held on 9/19/2005 (Recording Time FTR: 11:09 - 11:11 am.) (sql, ) (Entered: 09/19/2005) |
| 09/19/2005 | 16 | PRETRIAL CONFERENCE ORDER as to Malik Elawad Jury Selection set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Jury Trial (which is expected to last 2 trial days) is set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Voir Dire due by 2/6/2006; Proposed Jury Instructions due by 2/6/2006; Motions in Limine due by 2/6/2006; Plea Agreement due by 2/6/2006.. Signed by Judge Delores R. Boyd on 9/19/05. (kcg, ) (Entered: 09/19/2005) |
| 12/08/2005 | | Case as to Malik Elawad Reassigned to Judge L. Scott Coogler. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 12/08/2005) |
| 12/08/2005 | | UPDATE TRIAL DEADLINES as to Malik Elawad: Jury Selection and Trial set for 2/13/2006 10:00 AM in Courtroom 2D before Honorable L. Scott Coogler. (kcg, ) (Entered: 12/12/2005) |
| 12/08/2005 | | (Court only) ***Set/Clear Flags as to Malik Elawad (ws, ) (Entered: 10/03/2006) |
| 02/03/2006 | 19 | NOTICE OF INTENT TO CHANGE PLEA by Malik Elawad (Freeman, Christine) (Entered: 02/03/2006) |
| 02/03/2006 | 20 | NOTICE OF ATTORNEY APPEARANCE: Patricia Vanessa Kemp appearing for Malik Elawad (Kemp, Patricia) (Entered: 02/03/2006) |
| 02/03/2006 | 21 | ORDER as to Malik Elawad Change of Plea Hearing set for 2/6/2006 12:15 PM in Courtroom 4A before Honorable Delores R. Boyd. The Clerk is directed to provide a court reporter for this proceeding. If the defendant is in custody, the U.S. Marshal shall arrange for the defendant's appearance at this proceeding. Signed by Judge Delores R. Boyd on 2/3/06. (kcg, ) (Entered: 02/03/2006) |
| 02/06/2006 | 22 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Malik Elawad (sql, ) (Entered: 02/06/2006) |
| 02/06/2006 | 23 | PLEA AGREEMENT as to Malik Elawad (sql, ) (Entered: 02/06/2006) |
| 02/06/2006 | 24 | Minute Entry for proceedings held before Judge Delores R. Boyd :Change of Plea Hearing as to Malik Elawad held on 2/6/2006, Plea entered by Malik Elawad (1) Guilty Count 1,2. (Court Reporter Risa Entrekin.) (sql, ) (Entered: 02/06/2006) |

| 02/06/2006 | ⊘ | ORAL ORDER Accepting Guilty Plea as to Malik Elawad and Adjudicating the defendant guilty as to Count(s)1 and 2 of the Indictment . Signed by Judge Delores R. Boyd on 2/6/2006. (sql, ) (Entered: 02/06/2006) |
| 02/07/2006 | ⊘25 | ORDER as to Malik Elawad Sentencing set for 5/24/2006 09:00 AM in Courtroom 2D before Honorable L. Scott Coogler, as further set out. Signed by Judge L. Scott Coogler on 2/7/06. (kcg, ) (Entered: 02/08/2006) |
| 02/22/2006 | ⊘ | TRANSCRIPT of Change of Plea Proceedings as to Malik Elawad held on 2/6/06 before Judge Delores R. Boyd. Court Reporter: Risa L. Entrekin. (kcg, ) (Entered: 02/23/2006) |
| 05/10/2006 | ⊘31 | MOTION to Continue *Sentencing, Unopposed* by Malik Elawad. (Freeman, Christine) (Entered: 05/10/2006) |
| 05/12/2006 | ⊘32 | STAMPED ORDER as to Malik Elawad, Granting In Part and Denying In Part 31 MOTION to Continue *Sentencing, Unopposed* filed by Malik Elawad. Sentencing set for 5/24/2006 is CONTINUED to 6/30/2006 01:45 PM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 5/12/06. (kcg, ) (Entered: 05/12/2006) |
| 06/08/2006 | ⊘33 | MOTION to Continue *Unopposed* by Malik Elawad. (Freeman, Christine) (Entered: 06/08/2006) |
| 06/22/2006 | ⊘34 | STAMPED ORDER granting 33 Motion to Continue Sentencing as to Malik Elawad (1). Signed by Judge L. Scott Coogler on 6/22/06. (kcg, ) (Entered: 06/22/2006) |
| 06/23/2006 | ⊘ | Terminate Deadlines and Hearings as to Malik Elawad: (kcg, ) (Entered: 06/23/2006) |
| 08/08/2006 | ⊘35 | ORDER as to Malik Elawad that Sentencing is set for 10/5/2006 10:30 AM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 8/8/06. (kcg, ) (Entered: 08/08/2006) |
| 10/03/2006 | ⊘36 | Forensic Expert Report by Dr. Marianne Rosenzweig Received (Sealed) as to Malik Elawad (ws ) (Entered: 10/04/2006) |
| 10/03/2006 | ⊘37 | NOTICE of Filing as to Malik Elawad re [36] Forensic Expert Report (ws, ) (Entered: 10/04/2006) |
| 10/03/2006 | ⊘38 | MOTION to Seal Forensic Expert Report by Malik Elawad. (ws, ) (Entered: 10/04/2006) |
| 10/03/2006 | ⊘39 | NOTICE of Exhibits in Support of Sentencing Position as to Malik Elawad (ws, ) (Entered: 10/04/2006) |
| 10/17/2006 | ⊘40 | ORDER as to Malik Elawad Sentencing is set for 12/18/2006 10:30 AM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 10/17/06. (kcg, ) (Entered: 10/17/2006) |

| 12/04/2006 | ◯ | Case as to Malik Elawad Reassigned to Judge Charles S. Coody. Judge Delores R. Boyd no longer assigned to the case. MOTIONS as to Malik Elawad REFERRED to Magistrate Judge: Charles S. Coody. (ws, ) (Entered: 12/04/2006) |
| 12/18/2006 | ◯41 | ORDER as to Malik Elawad that the sentencing hearing scheduled for December 18, 2006, is CONTINUED. The undersigned is hereby RECUSED from the above-styled action. Case is to be reassigned . Signed by Judge L. Scott Coogler on 12/18/06. (kcg, ) (Entered: 12/18/2006) |
| 12/18/2006 | ◯ | Case as to Malik Elawad Reassigned to Judge Myron H. Thompson. Judge L. Scott Coogler no longer assigned to the case. (kcg, ) (Entered: 12/18/2006) |
| 12/19/2006 | ◯42 | ORDER as to Malik Elawad resetting Sentencing for 1/18/2007 @ 10:00 AM in Courtroom 2FMJ before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 12/19/2006. (ag, ) (Entered: 12/19/2006) |
| 01/03/2007 | ◯43 | Notice of Filing Psychiatric Evaluation Received (Sealed) as to Malik Elawad (ag, ) Modified on 1/4/2007 to correct filed date(ag, ). (Entered: 01/04/2007) |
| 01/04/2007 | | (Court only) ***Set/Clear Flags as to Malik Elawad (ag, ) (Entered: 01/04/2007) |
| 01/09/2007 | ◯44 | NOTICE *of Filing Additional Exhibit In Support Of Sentencing Position* as to Malik Elawad (Freeman, Christine) (Entered: 01/09/2007) |
| 01/12/2007 | ◯45 | SENTENCING MEMORANDUM by Malik Elawad (Kemp, Patricia) (Entered: 01/12/2007) |
| 01/12/2007 | ◯46 | MOTION for Downward Departure by Malik Elawad. (Kemp, Patricia) (Entered: 01/12/2007) |
| 01/17/2007 | ◯47 | NOTICE OF HEARING as to Malik Elawad resetting Sentencing now set for 1/18/2007 @ 10:00 AM to 1/18/07 @ 02:00 PM in Courtroom 2FMJ before Honorable Myron H. Thompson. (ag, ) (Entered: 01/17/2007) |
| 01/18/2007 | ◯ | Plea Agreement Accepted as to Malik Elawad (ag, ) (Entered: 01/19/2007) |
| 01/19/2007 | ◯48 | NOTICE OF ATTORNEY APPEARANCE Kent B. Brunson appearing for USA. (Brunson, Kent) (Entered: 01/19/2007) |
| 01/19/2007 | ◯ | ORAL ORDER as to Malik Elawad denying 46 MOTION for Downward Departure filed by Malik Elawad . Entered by Judge Myron H. Thompson on 1/19/2007. (ag, ) (Entered: 01/19/2007) |
| 01/19/2007 | ◯49 | Minute Entry for Sentencing held before Judge Myron H. Thompson on 1/19/2007 as to Malik Elawad. (Court Reporter Mitchell Reisner.) (ag, ) (Entered: 01/19/2007) |
| 01/19/2007 | ◯50 | ORDER granting 38 Motion to Seal as to Malik Elawad (1). Signed by Judge Myron H. Thompson on 1/19/2007. (ag, ) (Entered: 01/19/2007) |

| 01/23/2007 | ●51 | JUDGMENT as to Malik Elawad (1), Count(s) 1, 41 Mos Imp; 3 Yrs Sup Rel; $100 SA; $1,796.66 Rest. (total); Count(s) 2, 120 Mos Imp (cons to Ct 1); 3 Yrs Sup Rel; $100 SA; $1,796.66 Rest. (total) . Signed by Judge Myron H. Thompson on 1/23/2007. (ag, ) (Entered: 01/23/2007) |
| 01/23/2007 |  | (Court only) ***Set/Clear Flags as to Malik Elawad (ag, ) (Entered: 02/05/2007) |
| 04/24/2007 | ●52 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Malik Elawad. (ag, ) (Entered: 04/24/2007) |
| 04/27/2007 | ●53 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Malik Elawad (kcg, ) (Entered: 04/27/2007) |
| 08/30/2007 | ●54 | Judgment Returned Executed as to Malik Elawad, defendant delivered to FIC Talladega in Talladega, AL on 3/13/2007. (ag, ) (Entered: 08/31/2007) |

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

|  | MIDDLE |  | District of |  | ALABAMA |  |

UNITED STATES OF AMERICA
## V.

MALIK ELAWAD

### JUDGMENT IN A CRIMINAL CASE

Case Number: 3:05cr121-MHT

(WO)

USM Number: 56894-019

Christine A. Freeman
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)   One and Two of the Indictment on 2/6/06

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2113(a) and (d) | Bank Robbery by Force | 5/5/2005 | 1 |
| 18 U.S.C. 924 (c)(1)(iii) and 2 | Discharge of a Firearm during the Commission of a Crime of Violence and Aiding and Abetting | 5/5/2005 | 2 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 19, 2007
Date of Imposition of Judgment

Signature of Judge

MYRON H. THOMPSON, U.S. DISTRICT JUDGE
Name and Title of Judge

1/23/2007
Date

## SCANNED

DEFENDANT:     **MALIK ELAWAD**
CASE NUMBER:   3:05cr121-MHT

Judgment — Page   2   of   6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

161 Mos. This term consist of 41 months on Count 1 and 120 months on Count 2 to be served consecutively to Count 1

X The court makes the following recommendations to the Bureau of Prisons:

1. The court recommends that the defendant be designated to a facility near as possible to Phenix City, Alabama.
2. The court recommends that the defendant be placed in a drug and mental health treatment facility.
3. The court recommends, due to the defendant's non-violent background, youth, youthful appearance and prior life experiences, that the defendant be designated to a facility where he will not be subject to physical abuse by other prisoners.

The defendant does not request protective custody.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐   at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on  _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page   3   of   6  

DEFENDANT:      MALIK ELAWAD
CASE NUMBER:    3:05cr121-MHT

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 Years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      MALIK ELAWAD
CASE NUMBER:    3:05cr121-MHT

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in drug testing and drug treatment and shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

2. The defendant shall submit to a search of his person, residence, office, and vehicle pursuant to the search policy of this court.

DEFENDANT:        MALIK ELAWAD
CASE NUMBER:      3:05cr121-MHT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $      200 | $ | $ 1,796.66 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Regions Financial Corp. c/o Chris E. Hudgins 25 Washington Ave. 1st Floor Montgomery AL 36104 Case Number: 05-1423 | | $1,796.66 | |

| **TOTALS** | $                  0 | $                  1796.66 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  MALIK ELAWAD
CASE NUMBER:  3:05cr121-MHT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $  1,996.66  due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance  ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post
    Office Box 711, Montgomery, Alabama 36101. Any balance remaining at the start of supervision shall be paid at the rate of $100
    per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.