IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA )
) Civil Action No. 3:08cv38-MHT
)
MALIK ELAWAD )

**AFFIDAVIT**

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

I, **Christine A. Freeman,** being duly sworn, states as follows:

1. I am employed by the office of the Federal Defender for the Middle District of Alabama.

2. I was assigned as counsel for Malik Elawad.

3. This affidavit is in response to this Court's Order, entered on January 22, 2008. (Doc. 3).

4. In Mr. Elawad's "Motion To Vacate, Set Aside, Or Correct Sentence, filed on January 16, 2008 pursuant to 28 U.S.C. 2255, (Doc. 1), he alleges that "counsel was ineffective for failure to file a requested direct appeal." (Doc. 1, page 4,"Ground One").

5. On January 19, 2007, I sent Mr. Elawad a letter notifying him of his write to appeal. To my knowledge, Mr. Elawad did not respond to this correspondence or notify my office at any time that he wanted to file a direct appeal.

6. Mr. Elawad's second claim is "District Court's violations of rule prohibiting judicial involvement in sentencing negotiations affected movant's substantial rights." (Doc. 1, page 5,"Ground Two"). Mr. Elawad references an in-chambers meeting that occurred at his sentencing.

1

7. Mr. Elawad is correct that an in-chambers meeting occurred during his sentencing hearing and without his presence. To the best of my recollection, I asked the sentencing judge to consider including a recommendation within the Court's sentencing judgment that Mr. Elawad be designated to a prison where he would least likely be victimized by other inmates. I requested the meeting in chambers because Mr. Elawad's family was present in the courtroom. During the sentencing hearing, my cocounsel and I told Mr. Elawad that this issue had been raised in chambers with the sentencing judge.

8. Mr. Elawad's third claim is "Counsel was ineffective for failure to present and properly argue for mitigating circumstances for a downward departure." (Doc. 1, page 7, "Ground Three").

9. To the best of my knowledge and recollection, I filed a Sentencing Memorandum in which arguments for a downward departure and/or downward sentencing variance based on various mitigating circumstances were raised. (Doc. 45). This memorandum was filed contemporaneously with the filing of a Motion for Downward Departure. (Doc. 46).

10. Mr. Elawad's fourth claim is "Counsel was ineffective for failure to attack a defective indictment upon which movant entered the plea agreement." (Doc. 1, page 8, "Ground Four").

11. Mr. Elawad is correct that no such motion was filed. It was my assessment that the indictment was not defective.

12. Mr. Elawad's fifth claim is that he did not knowingly and voluntarily enter into his plea agreement because "the district court failed to inform movant of the correct mandatory minimum sentence applicable to count two of the plea agreement," and that "counsel was ineffective

to bring this error to the court's attention and also for failure to raise this violation on direct appeal."(Doc. 1, page 10,"Ground Five").

13.   Mr. Elawad's written plea agreement stated the applicable mandatory minimum sentence. (Doc. 23). This document was reviewed with Mr. Elawad prior to his plea. As noted above, I do not recall receiving any notice that Mr. Elawad wished to file an appeal.

14.   Mr. Elawad's sixth claim is that "Counsel was ineffective for failure to challenge to the sentence enhancement of four levels for serious bodily injury under §2B3.1(b)(3)."(Doc. 1, page 10,"Ground Six").

15.   Mr. Elawad is correct that no challenge was made to this enhancement. Mr. Elawad's plea agreement included agreement to this enhancement. (Doc 23, p. 4-5).

16.   Mr. Elawad's seventh claim is that "Movant's sentence was imposed in violation of his due process and in violation of Rules 11 and 32 of the Federal Rules of Criminal Procedure." (Doc. 1, page 10,"Ground Seven"). Mr. Elawad specifically argues that "Movant contends that his plea was not entered knowingly and voluntarily because the sentence was imposed in violation of his due process rights to be sentenced based upon accurate information, and also in violations of Rule 11 and 32 of the Federal Rules of Criminal Procedure." (Doc. 1, page 10,"Ground Seven").

17.   I am not aware of any information presented at sentencing that was incorrect.

18.   Mr. Elawad's eighth claim is that "Counsel was ineffective for failure to challenge the government's charges against defendant, when there is no evidence that the bank was federally insured as to make the offense a federal felony." (Doc. 1, page 10,"Ground Eight").

19.   Mr. Elawad is correct that such a challenge was never made. I am not aware of any evidence indicating that the bank involved was not federally insured.

Further Affiant saith not.

_____
CHRISTINE A. FREEMAN

STATE OF ALABAMA    )
MONTGOMERY COUNTY )

I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, do hereby certify that **CHRISTINE A. FREEMAN**, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, she executed the same voluntarily, on the day the same bears date.

GIVEN under my hand and official seal this 8th day of February, 2008

(SEAL)
_____
Notary Public
My Commission Expires: 12-18-11

## CERTIFICATE OF SERVICE

I hereby certify that I have this 8th day of February, 2008, served a copy of the foregoing upon the following, by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed to:

Kent C. Brunson, Esq.
Office of the U.S. Attorney
131 Clayton Street
Montgomery, Alabama 36104

Malik Elawad
AIS #56894-019
FCI Talladega
Federal Correctional Institution
P.O. Box 1000
Talladega, Alabama 35160

_____
**CHRISTINE A. FREEMAN**