IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MALIK ELAWAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:08cv38-MHT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 11) addressing the issues presented by the petitioner in his 28 U.S.C. § 2255 motion. In its response, the government argues that all of the petitioner's claims, with the exception of his ineffective assistance of counsel claims, are barred because he expressly waived his right to seek post-conviction relief when entering his guilty plea. The government further argues that all of the petitioner's substantive claims are procedurally barred because such claims could have been, but were not, raised on direct appeal and the petitioner has not shown cause and prejudice to overcome this procedural default. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). In addition, the government argues that all such claims are meritless. Finally, the government argues that all of the petitioner's claims of ineffective assistance of counsel should be rejected because, as to each claim, the petitioner fails to establish deficient performance by his counsel and prejudice resulting from any alleged deficient performance.

A procedural default bars consideration of the merits of a claim unless a petitioner "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if a petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering the petitioner's federal constitutional claim where he is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before March 31, 2008, the petitioner may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after March 31, 2008, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The petitioner is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that the petitioner is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not

previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. The petitioner is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 10th day of March, 2008.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE