RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2008 MAR 25 A 9:23

DEBRA P. HACKETT, C
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MALIK ELAWAD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CIVIL ACTION NO. 3:08-cv-38-MHT
(CRIM. ACTION NO. 3:05-cr-121-MHT)

PETITIONER'S REPLY TO UNITED STATES' RESPONSE TO 28 USC §2255 MOTION

COMES NOW, the Petitioner, Malik Elawad ("Elawad"), pro se, and hereby respectfully files his reply to the United States' ("Government") response to 28 USC §2255 motion, and in compliance with this Court's order issued on March 10, 2008 (Doc.12), ordering that on or before March 31, 2008, the petitioner may file a reply to the response filed by the United States, Elawad states as follows: [1]

    1.    TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO FILE A REQUESTED APPEAL

Elawad does not waive any of the grounds raised in his §2255 motion, and are preserved for review by this Court. Thus, without waiving any of his claims, Elawad states that it is not dispositive for the resolution of this case that he needs to show that any of his claims were viable grounds for appeals' review. Under the standards of review in the Eleventh Circuit court of appeals, Elawad does not need to demonstrate that any of his grounds

---

1.     Gomez-Diaz v. United States, 433 F3d 788, 791 (CA11 2005)(Pleadings of pro se petitioner must be construed liberally).

SCANNED

1

would have succeeded in order to establish prejudice sufficient for habeas relief.

In this Circuit, it has been long held that an attorney's failure to file an appeal after the defendant requested him/her to do so, entitled the defendant to an out-of-time appeal, even "without a showing that there would have been any viable grounds for an appeal." Montemoino v. United States, 68 F3d 416, 417 (CA11 1995)(and cases cited therein); Martin v. United States, 81 F3d 1083 (CA11 1996)(Defendant's attorney's failure to appeal from sentence after being requested to do so by defendant constituted ineffective assistance of counsel, even though defendant had pleaded guilty, and defendant was thereby entitled to file out-of-time appeal); Restrepo v. Kelly, 178 F3d 634, 641-42 (CA2 1999)(holding that a habeas petitioner alleging ineffective assistance of counsel based on counsel's failure to file a requested notice of appeal, need not demonstrate that his defaulted appeal would have succeeded in order to establish prejudice sufficient for habeas relief).

Elawad had the right to file an appeal even when the sentence imposed by the district court falls within range advocated in his case, if he could allege any specific errors on appeal. See United States v. Hayes, 49 F3d 178, 182 (CA6 1995); United States v. Fuente-Kolbenschilag, 878 F2d 1377, 1379 (CA11 1989). Elawad clearly and specifically asked his counsel to file an appeal, and although the record in this case reflects that the court advised Elawad of his rights to file any notice of appeal within ten days after sentence was imposed (Doc.11, pg.9), it was counsel's duty to file the notice of appeal and the direct appeal. Where an appeal is foreclosed because notice

of appeal was not filed or untimely filed, counsel's failure to file an appeal is a denial of constitutionally effective counsel, warranting an out-of-time appeal as the only relief. Hasley v. State, 527 So.2d 790 (Ala.Crim.1988); Restrepo v. Kelly, 178 F3d at 639. Consequently, the Sixth Amendment guarantees a criminal defendant the right to counsel on his first appeal as a right. See Douglas v. California, 372 U.S. 353, 356 (1963). It also guarantees the defendant the right to effective assistance of counsel on such an appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985).

Here, Elawad shows that his failure to timely appeal was the result of constitutionally ineffective assistance of counsel that establishes prejudice per se, and, contrary to the government's allegations, no further showing of cause and prejudice is necessary to obtain relief. Elawad is not required to show that the outcome of his case would have been different had his counsel properly filed a notice of appeal and a direct appeal. See Penson v. Ohio, 488 U.S. 75, 88 (1988); Rodriguez v. United States, 395 U.S. 327, 329 (1969)(petitioner whose lawyer refused to follow his instruction to file a notice of appeal was not required "to disclose what errors [he] would raise on appeal and to demonstrate that denial of an appeal had caused prejudice."). Consistent with Penson supra, the Supreme Court in Coleman v. Thompson, stated that "'if the procedural default is the result of the ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the state, not to the defendant.'" 501 U.S. 722, at 754 (quoting Murray v. Carrier, 477 U.S. at 488).

The government states that Elawad agreed to waive certain appellate

3

rights, but the government also concedes that "This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct." (Doc.11, pg.4).

The Supreme Court has ruled that ineffective assistance of counsel's claims are properly raised in a §2255 motion. See Massaro v. United States, 538 U.S. 500 (2003). Hence, a defendant can bring a pro se §2255 motion to obtain relief on the assertion that he was denied effective assistance of counsel when the lawyer appointed to represent him failed to file a notice of appeal as he requested, Gomez-Diaz v. United States, 433 F3d 788 (CA11 2005), even when the defendant does not have any grounds to appeal, see McIver v. United States, 307 F3d 1327 (CA11 2002), or when the defendant's plea partially waives his rights to appeal the case, see Watson v. United States, 493 F3d 960 (CA8 2004). See also Hassenflu v. Pyke, 491 F2d 1094, 1095 (CA5 1974)(Parties should not be punished for their counsel's neglect except in extreme circumstances).

The government's allegations are bolstered with the affidavit from Elawad's counsel, Ms. Freeman, in which she alleges that she wrote a letter to Elawad on January 19, 2007, informing him of his right to appeal, but she received no correspondence from Elawad indicating his desire to pursue an appeal (Doc.11, pg.31). This allegation makes no legal sense. The government fails to show why would Ms. Freeman send a letter to Elawad on January 19, 2007--the same day Elawad was sentenced--informing him of his right to appeal, when the court had already informed Elawad of that right (Doc.11, pg.9), and Elawad had already requested Ms. Freeman to appeal the case. Ms. Freeman should have filed the notice of appeal in lieu of sending a letter

4

to Elawad. Moreover, the government has failed to produce a copy of the January 19-letter, and if Ms. Freeman in fact sent the presumptive letter to Elawad, he never received it.

Further, the government contends that according to Elawad's counsel, Elawad never told her to file an appeal (Doc.11,pg.31). This allegations is antithetical to the former. The government fails to show why Ms. Freeman would send a letter to Elawad on January 19, 2007, asking him whether he wanted to appeal, when, according to Ms. Freeman's affidavit, Elawad did not want to appeal. Ms. Freeman's statements are self contradictory and self belied.

Elawad states in his affidavit that he wanted to appeal and that he asked his counsel, in not so eloquent words, to file an appeal for him. That was enough to put counsel in notice that it was Elawad's hanker to appeal the case. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(applying the "reasonable effective" legal assistance test from Strickland v. Washington, 466 U.S. 668 (1984), to a claim that counsel was ineffective for failing to file a notice of appeal). There is a presumption of prejudice "with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." Id. at 484.

2.   REQUEST FOR AN EVIDENTIARY HEARING

The record below is insufficient to resolve the factual question because the record contains both a sworn affidavit from Elawad supporting his version of events and a sworn affidavit from his trial counsel refuting elawad's claim that he directed his counsel to file a notice of appeal. Hence, because

5

affidavits alone may not be used to resolve contested fact issues unless they are supported by other evidence of record, this Court should hold an evidentiary hearing to establish the content--or lack thereof--of any communications between Elawad and his attorney. See <u>Machibroda v. United States</u>, 368 U.S. 487 (1960); <u>Brown v. United States</u>, 462 F2d 681 (CA5 1972).

Accordingly, in light of <u>Strickland</u>, <u>Flores-Ortega</u>, and <u>Gomez-Diaz</u>, this Court should hold an evidentiary hearing to determine (1) whether Elawad, in fact, requested counsel to file a direct appeal sufficient to trigger the <u>per se</u> duty to appeal; and (2) if not, whether counsel fulfilled his constitutional duty to consult with Elawad by advising him of the advantages and disadvantages of filing an appeal and making a reasonable effort to comply with Elawad's wishes.

## CONCLUSION

Based upon the foregoing, the Petitioner, Malik Elawad, pro se, respectfully moves this Honorable Court to grant Elawad's §2255 motion, and any other relief the Court deems just and proper in the interest of justice.

Respectfully submitted this 20 day of March, 2008.

_____
Malik Elawad
#56894-019 (B/A)
FCI Talladega
PMB 1000
Talladega, AL 35160

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was mailed first class mail postage prepaid, by delivering to a prison's mail box this 20 day of March, 2008, in compliance with Washington v. United States, 243 F3d 1299, 1301 (CA11 2001), to:

Sandra Stewart
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36101-0197

*Malik Elawad*
Malik Elawad
Pro Se Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,                ]
                                         ]
         Plaintiff/Respondent,           ]
                                         ]
vs.                                      ]   CASE NO: 3:05-cr-121-MHT
                                         ]
MALIK ELAWAD,                            ]
                                         ]
         Defendant/Movant.               ]

## AFFIDAVIT OF MALIK ELAWAD

COMES NOW the Defendant/Movant, MALIK ELAWAD, and hereby deposes and states as follows:

1. My name is MALIK ELAWAD, I am the Defendant in the above entitled cause.

2. I am over eight (18) years of age, and I can testify to the contents of this affidavit.

3. The information provided herein by me is true and correct.

4. I am making this Affidavit out of my own free will; and no one has promised me anything or threatened me in any way in the making of this Affidavit.

5. On or about January 19, 2007, I asked my attorney, Ms. Christine A. Freeman, from the Federal Defenders, Middle District of Alabama, to file my direct appeal, after I was sentenced. The reason for my request to her to file a direct appeal was because I felt dissatisfied with the sentence I received, and because my attorney failed to raise some crucial mitigating grounds for a downward departure of my sentence (e.g. aberrant behavior, coercion and duress, psychological factors, and other matter under §5K2.0

of the U.S. Sentencing Guidelines).

6.  I also conveyed to her my desire to appeal on the ground that I felt very uncomfortable about the in-chambers conference they had held outside my presence, and that I felt that it was my right to be present during the discussion held in that meeting where the final fate of my case had been taking place, because I should have been entitled to present my own testimony, and argument in regards to whatever they deliberated pertaining to my case.

7.  My lawyer, Ms. Freeman, told me that she will not file my direct appeal because I could not appeal anything, and that I had no valid grounds to present on my appeal in that I had pleaded guilty, and that I had waived my right to appeal the sentence, and that she won't do anything else to appeal my case.

FURTHER AFFIANT SAYETH NAUGHT.

SIGNED AND EXECUTED this 9th day of January, 2008, pursuant to the provisions set forth in Title 28 U.S.C. §1746. See Williams v. Browman, 981 F2d 901, 904 (CA6 1992).

_____
Malik Elawad
#56894-019 (Beta A)
FCI Talladega
PMB 1000
Talladega, AL 35160

Malik Elawad  #56894-019 (B/A)
FCI Talladega.   PMB 1000
Talladega, AL 35160



UNITED STATES DISTRICT COURT
Middle District of Alabama
Clerk of the Court
P.O. Box 711
Montgomery, AL 36101-0711